UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CIVIL ACTION NO. 3:17-CV-00208-TBR

CHERI NICHOLSON                                                             DEBTOR/PLAINTIFF

v.

HYUNDAI CAPITAL AMERICA, INC., *et al.*                                              DEFENDANTS

**Memorandum Opinion and Order**

This matter is before the Court upon Debtor/Plaintiff Cheri Nicholson's motion to withdraw the Court's general referral of Count 5 of her complaint to Bankruptcy Court. [DN 1.] Defendant Hyundai Capital America, Inc. responded, [DN 2], and the time for filing a reply has passed. This matter is ripe for adjudication.

Nicholson is currently in Chapter 13 bankruptcy. She began an adversarial proceeding against Hyundai and Relic LLC, alleging that they engaged in certain wrongful acts during the process of repossessing her vehicle. Among other things, Nicholson claims in Count 5 that Hyundai violated the Telephone Consumer Protection Act (TCPA), 47 U.S.C. § 227. [DN 1-3 at 15.] Hyundai moved in bankruptcy to dismiss Count 5, arguing that the court had no jurisdiction to entertain Nicholson's TCPA claim because it is not a "core proceeding" under Title 11. [DN 1-3 at 17.]

Nicholson now moves this Court to withdraw its referral of Count 5 to Bankruptcy Court. She states that she "would like to proceed with Count 5 in Federal District Court, rather than litigate whether the bankruptcy court has

jurisdiction or not." [DN 1 at 1.] Hyundai opposes Nicholson's motion, stating that Nicholson has stipulated to bankruptcy jurisdiction, so her motion is "superfluous." [DN 2 at 1.] Further, Hyundai says that the parties have entered into an agreed order tolling the statute of limitations should the Bankruptcy Court dismiss Count 5 of her complaint. [*Id.*]

The Court agrees with Hyundai that the Bankruptcy Court should have the first bite at the apple. The Bankruptcy Court's jurisdiction is set out in 28 U.S.C. § 157. District courts are permitted to refer cases arising under title 11 to bankruptcy, and "[b]ankruptcy judges may hear and determine all cases under title 11 and all core proceedings arising under title 11, or arising in a case under title 11, referred under subsection (a) of this section, and may enter appropriate orders and judgments." *Id.* § 157(b)(1). Further, the statute provides that "[t]he bankruptcy judge shall determine, on the judge's own motion or on timely motion of a party, whether a proceeding is a core proceeding under this subsection or is a proceeding that is otherwise related to a case under title 11." *Id.* § 157(b)(3). In this case, subsection (b)(3) makes clear that the bankruptcy judge has jurisdiction in the first instance to determine whether a matter is a "core proceeding" such that it may be heard in bankruptcy. *See Wellness Int'l Network, Ltd. v. Sharif*, ___ U.S. ___, 135 S. Ct. 1932 (2015) (assuming without question that bankruptcy court determines whether or not a proceeding is "core"); *In re Boyer*, 93 B.R. 313, 318 (Bankr. N.D.N.Y. 1988) (same)

It is true that "[t]he district court may withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown." *Id.* § 157(d). But here, Nicholson makes no showing of cause beyond her own inclination as to why Count 5 should be withdrawn. Allowing the Bankruptcy Court to determine whether Nicholson's TCPA claim is a "core proceeding" should prove more efficient and will avoid duplicitous litigation. Additionally, Nicholson does not contest Hyundai's assertion that she has already stipulated to Bankruptcy Court jurisdiction. While it might be within this Court's power to withdraw its referral of Count 5, it sees no reason to do so at this time.

## Order

For the foregoing reasons, IT IS HEREBY ORDERED:

Debtor/Plaintiff Cheri Nicholson's motion to withdraw referral [DN 1] is DENIED. The Clerk is directed to close the above-captioned case.

CC: Counsel of Record